Battle, J.
 

 We cannot concur in the opinion expressed by his Honor in the Court below. He was misled, no doubt, by what has been often said of the action of assumpsit for money had and received — that it was in the nature of a bill in Equity, and would lie wherever the defendant had received money which he could not in equity and good conscience retain from the plaintiff. That may be true, wherever the defendant himself has not the
 
 legal
 
 title to the money, but cannot apply to a case where the plaintiff is only the equitable, while the defendant is the legal owner of the sum received. To permit a recovery at law, in such a case, would be confounding the distinctive jurisdictions of the Courts of Law 'and Equity. Accordingly it was decided in the case of
 
 Smith
 
 v.
 
 Gray,
 
 1 Dev. and Bat. Rep. 42, that where a person who was entitled to a distributive share in an estate, assigned it to the plaintiff, and afterwards collected and used it himself, assumpsit for money had and received, would not lie against him by the as-signee.
 
 “
 
 Whatever operation,” say the Court,
 
 “
 
 the assignment may have in Equity,
 
 at Law
 
 it did not transfer a title to the distributive share, nor to the money decreed upon it. At Law it could operate only as authority to the plaintiff to collect the money, and perhaps justify him in retaining it after it should have been collected. When therefore, the defendant received the money, he received what in Law belonged to him, and we do not see therefore how the law can infer, upon this receipt, an undertaking to pay over the money to the plaintiff.”
 

 This reasoning applies directly to the case before us; the deed executed by Mounce to the plaintiffs, transferred to them the equitable title only in the promissory note in question, while his endorsement of it passed the legal title to the de
 
 *391
 
 fendant. When, therefore, the latter collected the money from the maker of the note, he received that, to which in law he was entitled, and the law will not infer an undertaking by him to pay it over to the plaintiffs. The case of
 
 Hoke
 
 v.
 
 Carter,
 
 12 Ire. Rep. 324, to which we were referred by the counsel for the plaintiffs,'decides nothing in'opposition to this principle. It holds that if an agent of the equitable owner of a
 
 chose in action
 
 receive the money, he may be sued in assump-sit by the latter for it, and that he is not protected from the suit by paying over the money to the legal owner; but it does not decide, and there is nothing in it which goes to show, that assumpsit for the money had and received could be sustained against such legal owner.
 

 PeR OueiáM. The judgment is reversed and a
 
 venire de novo
 
 awarded.